WILLIAM K. HARRINGTON
United States Trustee for Region 2
One Bowling Green
New York, New York 10004
Telephone: (212) 510-0500
By:   Rachael E. Siegel
        Trial Attorney

**Hearing Date: February 18, 2025**
**Hearing Time: 2:00 p.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                                        :
In re:                                                  :      Case No. 24-11373 (PB)
                                                        :
LAW OFFICE OF GEORGE T. PETERS,                         :      (Chapter 11)
PLLC,                                                   :
                              Debtor.                   :
                                                        :
-------------------------------------------------------x

  **PLEASE TAKE NOTICE** that upon this Notice of Motion and the accompanying memorandum of law and declaration of Rachael Siegel (the "**Siegel Decl.**"), William K. Harrington, the United States Trustee for Region 2 (the "**United States Trustee**"), will move this Court before the Honorable Philip Bentley, Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 on **February 18, 2025**, at **2:00 p.m.** or as soon thereafter as counsel can be heard, for an order dismissing this bankruptcy case, imposing a 180-day bar on re-filing, and for such other and further relief as this Court may deem just and proper.

  **PLEASE TAKE FURTHER NOTICE** that this Motion will be heard on February 18, 2025, at 2:00 p.m. through Zoom for Government. Participants are required to register their appearance by 4:00 p.m. the day before the hearing utilizing the e-Court Appearances tool at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

**PLEASE TAKE FURTHER NOTICE** that any responsive papers should be filed with the Court and personally served on the United States Trustee, attention Rachael Siegel, Esq., via e-mail at rachael.e.siegel@usdoj.gov no later than three (3) days prior to the return date set forth above.  Such papers shall conform to the Federal Rules of Civil Procedure and identify the party on whose behalf the papers are submitted, the nature of the response, and the basis for such response.

Dated:  New York, New York
       January 27, 2025

<div style="text-align:right">

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By:    */s/ Rachael E. Siegel*
      Rachael E. Siegel
      Trial Attorney
      One Bowling Green, Room 534
      New York, New York 10004
      Tel. No. (212) 510-0500

</div>

To:

Law Office of George T. Peters, PLLC
20 East 125th Street, 2nd Fl.
New York, NY 10035

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
--------------------------------------------------------x
                                       :
In re                                  :      Case No. 24-11373 (PB)
                                       :
LAW OFFICE OF GEORGE T. PETERS,        :      (Chapter 11)
PLLC,                                  :
                        Debtor.        :
                                       :
--------------------------------------------------------x
```

### MEMORANDUM OF LAW OF THE UNITED STATES TRUSTEE
### IN SUPPORT OF MOTION FOR AN ORDER DISMISSING THIS CASE

TO THE HONORABLE PHILIP BENTLEY,
UNITED STATES BANKRUPTCY JUDGE:

This memorandum of law is in support of the motion (the "**Motion**") of William K.
Harrington, the United States Trustee for Region 2 (the "**United States Trustee**"), for an order
dismissing the case of the Law Office of George T. Peters, PLLC (the "**Law Office**" or the
"**Debtor**") with prejudice and imposing a 180-day bar to re-filing.   In support thereof, the United
States Trustee respectfully alleges the following:

### INTRODUCTION

"Cause" exists under 11 U.S.C. § 1112(b) to dismiss this bankruptcy case and to impose a
180-day bar to re-filing.   The Debtor is misusing the bankruptcy process to forestall a judgment
creditor from pursuing his rights, rather than for a legitimate bankruptcy purpose.   The Debtor is
a law office, and its attorney principal, while not a bankruptcy practitioner, has the wherewithal to
satisfy the bare minimum requirements mandated by certain sections of the Bankruptcy Code, all
the while refusing to provide *sufficient* information to allow parties in interest to remain informed
as to the Debtors' progress at reorganization.

First, the Debtor is a non-individual that has failed to retain counsel for over five months

since this case began.

Next, cause exists to dismiss this case because the Debtor has failed to timely satisfy filing and reporting requirements.   The Debtor's Schedules and Local Rule 1007-2 Affidavit are bereft of useful information at best, and likely contain material omissions.   The Debtor has not filed monthly operating reports for three of the five months that this case has been pending; and the two monthly operating reports that were filed (the evening before a court appearance) lack supporting documentation.   Chapter 11 debtors, in exchange for the protections that a chapter 11 filing provides, must provide complete transparency.   Therefore, the Debtor cannot be said to have satisfied filing and reporting requirements.

Cause also exists to dismiss this case because the Debtor has provided next to no documentation that the United States Trustee has requested, including such critical information as proof of insurance, a 2023 tax return, and evidence of PPP loans.   Additionally, this was a bad faith filing filed with the intent to hinder a creditor.   The Debtor has expressed neither the desire nor the ability to reorganize.   Accordingly, dismissal with prejudice and a 180-day bar to refiling are appropriate.

### **FACTS**

1.      On August 8, 2024, the Debtor filed a voluntary petition for relief (the "**Petition**") under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**").

2.      The Debtor did not file a list of his twenty largest unsecured creditors, a list of all his creditors, a corporate resolution, a corporate ownership statement, or an affidavit pursuant to Local Bankruptcy Rule 1007-2 at the time of filing.

3.      The Debtor filed each of the documents referenced in the preceding paragraph on

2

August 22, 2024.   *See* Docket.

4.      The Debtor continues to control and maintain its assets and operations as a Debtor-in-Possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.      The Debtor's principal, George Peters, signed the Petition both as the authorized representative of the Debtor and as the Debtor's attorney.   Petition at ¶¶ 17, 18.

6.      On August 22, 2024, the Debtor filed his bankruptcy schedules and statement of financial affairs (the "**Schedules**").   ECF Nos. 3-6, 9, 12.

7.      The Debtor's Schedule A/B lists $0 of property.   ECF No. 3.

8.      The Debtor's Schedule D lists 0 unsecured creditors.   ECF No. 4.

9.      The Debtor's Schedule E/F lists 2 unsecured creditors, Samir Mrkulic and Chase. ECF No. 5.   Mr. Mrkulic's claim is listed as based on a lawsuit and disputed. Chase's claim is not listed as contingent, unliquidated, or disputed.   ECF No. 5.

10.     The Debtor's Schedule G lists 0 executory contracts and unexpired leases.   ECF No. 6.

11.     On August 22, 2024, the Debtor also filed an affidavit signed by Mr. Peters as required by Local Bankruptcy Rule 1007-2 (the "**Affidavit**").   ECF No. 8.   The 1007-2 Affidavit contains one page of text.

12.     The Debtor also filed an Official Form 204 listing the unsecured claims of Mr. Mrkulic and Chase Bank.   ECF No. 10.

13.     On the Statement of Financial Affairs, the Debtor answered 'None' to Part 3, Question 7, asserting that the Debtor was not involved in any legal actions or administrative proceedings within one year before filing the case.   ECF No. 12.

14.     The United States Trustee caused instructions regarding an initial debtor interview

("**IDI**") to be sent to the Debtor via its counsel on August 17, 2024, along with a list of required documents to be returned to the United States Trustee. Many of these documents remain outstanding. *See* Siegel Decl. at ¶ 10.

15.    The IDI was held on September 10, 2024, and Mr. Peters participated in the IDI on behalf of the Debtor. The missing documents were raised at the IDI. *Id*. at ¶ 11.

16.    On September 4, 2024, the undersigned filed a notice to the case docket that a meeting of creditors would be held pursuant to § 341(a) of the Bankruptcy Code (the "**Creditors' Meeting**") on October 2, 2024. ECF No. 16.

17.    The Creditors' Meeting had to be adjourned twice because the Debtor had not provided sufficient information for the meeting to proceed and because the Debtor was purportedly seeking bankruptcy counsel. The Creditors' Meeting was adjourned first until October 23, 2024, and then again to November 20, 2024. *See* Notices of Adjournment, ECF Nos. 21, 24.

18.    The creditors' meeting remains open.

19.    On October 1, 2024, Mr. Peters stated before this Court at an initial case conference that he does not have experience in bankruptcy law and that he intended to seek bankruptcy counsel. Siegel Decl. at ¶ 12.

20.    According to the Debtor's website, the Law Office's areas of practice are various personal injury or employment law causes of action—premises liability, sidewalk accidents, slip or trip and falls, construction site accidents, sexual assault, wrongful death, birth defects and brain injury, sexual harassment in the workplaces, not paid wages in a timely fashion, rape, and medical practice. *See*, Law Office of George T. Peters, https://myattys1.com (last accessed Jan. 3, 2025).

21.    As of the date hereof, no attorney or counsel has filed an appearance on behalf of the Debtor, and no retention application has been filed on behalf of counsel for the Debtor.

22.      On November 20, 2024, the Debtor uploaded two documents to the case docket

titled "Monthly Operating Report" for the months of October and November 2024 (the "**MORs**").

ECF Nos. 25, 26.

23.      The contents of these two documents are as follows:

## Please wait...

If this message is not eventually replaced by the proper contents of the document, your PDF
viewer may not be able to display this type of document.

You can upgrade to the latest version of Adobe Reader for Windows®, Mac, or Linux® by
visiting  http://www.adobe.com/go/reader_download.

For more assistance with Adobe Reader visit  http://www.adobe.com/go/acrreader.

Windows is either a registered trademark or a trademark of Microsoft Corporation in the United States and/or other countries. Mac is a trademark
of Apple Inc., registered in the United States and other countries. Linux is the registered trademark of Linus Torvalds in the U.S. and other
countries.

ECF No. 25.

## Please wait...

If this message is not eventually replaced by the proper contents of the document, your PDF
viewer may not be able to display this type of document.

You can upgrade to the latest version of Adobe Reader for Windows®, Mac, or Linux® by
visiting  http://www.adobe.com/go/reader_download.

For more assistance with Adobe Reader visit  http://www.adobe.com/go/acrreader.

Windows is either a registered trademark or a trademark of Microsoft Corporation in the United States and/or other countries. Mac is a trademark
of Apple Inc., registered in the United States and other countries. Linux is the registered trademark of Linus Torvalds in the U.S. and other
countries.

ECF No. 26.[1]

24.    On November 20, 2024, the Creditors' Meeting began.    The undersigned explained to Mr. Peters at the Creditors' Meeting that the MORs had not been uploaded properly and that he needed to re-file compliant MORs.    Siegel Decl. at ¶ 9.

25.    On December 3, 2024, Mr. Peters stated before this Court at a case conference that he is no longer planning to retain a bankruptcy attorney.    *Id.* at ¶ 12.

26.    On December 3, 2024, the undersigned again raised the defective MORs and instructed the Debtor to re-file the MORs promptly.    *Id.*

27.    On January 20, 2025, the Debtor filed five documents that were labeled Monthly Operating Report or Amended Monthly Operating Report.    ECF Nos. 31-35.

28.    The documents filed at ECF Nos. 31, 32, and 34 display the same content as ECF Nos. 25 and 26.

29.    On January 21, 2025, the undersigned raised the defective MORs before this Court and again instructed the Debtor to re-file the MORs.    Siegel Decl. at ¶ 12.

30.    The Debtor filed a monthly operating report for the period ending "October 21, 2024" at ECF No. 33 (the "**Oct. MOR**").

31.    The Debtor filed a monthly operating report for the period ending "December 31, 2024" at ECF No. 35 (the "**Dec. MOR**").

32.    Neither the Oct. MOR nor the Dec. MOR have any supporting documentation attached.    ECF Nos. 33, 35.

33.    Due to this lack of supporting information and detail, the Oct. MOR and Dec. MOR

---

[1] ECF No. 26 has a bank statement from Chase attached as an exhibit.

do not explain, among other things, (a) the source of the Debtor's $16,000 account receivable, (b) who disbursements were made to, (c) how the Debtor operated at a loss, and (d) what assets the Debtor has.

## ARGUMENT

### I.     Dismissal or Conversion is Appropriate Under 11 U.S.C. § 1112(b)

Section 1112(b) of the Bankruptcy Code provides that on request of a party in interest, and after notice and a hearing, "the court <u>shall</u> convert a case under [chapter 11] to a case under chapter 7 or dismiss [the case] . . ., whichever is in the best interests of creditors and the estate, for cause." 11 U.S.C. § 1112(b)(1) (<u>emphasis added</u>).   Section 1112(b)(4) contains sixteen examples of events that constitute cause for conversion or dismissal.   *See, e.g., In re FRGR Managing Member, LLC*, 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009).    This list of events is illustrative and not exhaustive, and courts may consider other factors.   *Id.; see also In re Gucci*, 174 B.R. 401, 409 (Bankr. S.D.N.Y. 1994) (noting that bankruptcy court was "not limited to the ten, non-exhaustive, enumerated grounds in 11 U.S.C. § 1112(b)(1)-(10) for finding cause.").

Cause exists to dismiss this case for the following reasons:

- the Debtor has not retained counsel five months after over five months in bankruptcy;

- unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter (§ 1112(b)(4)(F));

- failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any) (§ 1112(b)(H)); and

- this was a bad faith filing.

### A.     <u>The Debtor Has Not Moved to Retain Counsel</u>

It is well established that a corporation, or other entity, may only appear in federal courts through licensed counsel.  *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993)

7

(stating that "[i]t has been the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel); *see also, Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983 (noting that "a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*").

The failure of a corporation like the Debtor to retain counsel in a chapter 11 case is cause for conversion or dismissal pursuant to section 1112(b) of the Bankruptcy Code. *See, e.g., In re 167 W. 133 St. Hous. Dev. Fund Corp.,* No. 18-12043 (JLG), 2018 Bankr. LEXIS 2909, at *12 (Bankr. S.D.N.Y. Sep. 25, 2018) (listing cases). Although Mr. Peters has indicated, after he allegedly sought bankruptcy counsel for some time, that he will represent the Law Office himself, Mr. Peters has not filed a notice of appearance, demonstrated that he is duly licensed to practice in front of this Court, nor filed an application to be retained as the Debtor's counsel as required by 11 U.S.C. ¶ 327.

**B.   The Debtor has Failed to Timely Satisfy Filing and Reporting Requirements**

The Debtor is required to file schedules, a statement of financial affairs, and a statement of monthly net income within fourteen days after the Petition is filed. *See* 11 U.S.C. § 521(a)(1)(B); Fed. R. Bankr. P. 1007(b)-(c). The Debtor is also required to file an affidavit pursuant to Local Bankruptcy Rule 1007. While the Debtor did file each of these documents fourteen days after it filed its Petition, the documents that the Debtor filed provide very little insight into the state of the Debtor's business and financial affairs. The bare-bones documents that the Debtor filed show an enterprise with no property or assets, no outstanding executory contracts or unexpired leases, and no prospects for rehabilitation. As Mr. Peters notes in his Affidavit, "There is no schedule available as bills are paid when income is earned. Otherwise, funds are borrowed and repaid or credit cards are utilized." *Affidavit*, ECF No. 8, at ¶ 10. Further, some of the Debtor's

8

disclosures border on dishonesty.   For instance, the Debtor does not disclose any pending litigation in its Schedules, but Mr. Peters elsewhere claims, "There is a proceeding against the debtor but the claim appears to be abandoned." *Id*.   The Debtor has not identified who the plaintiff is in this pending proceeding, and it is not evident whether this entity has received any notice of the Debtor's bankruptcy filing.

This lack of disclosure has continued throughout the months that this case has been pending.   Chapter 11 debtors-in-possession are required to file monthly operating reports each month that the Debtor is in bankruptcy, and it is well-established that a debtor's failure to file operating reports is cause to dismiss or convert a case under § 1112(b)(4)(F).   28 U.S.C. § 589; *see, also, e.g., In re AdBrite Corp*., 290 B.R. 209, 217 (Bankr. S.D.N.Y. 2003).   The Debtor has not filed monthly operating reports for August 2024, September 2024, and November 2024, and the Oct. MOR and Dec. MOR that were filed – on the eve of a Court hearing – are not accompanied by any supporting documentation.   These are more than procedural deficiencies. As one court has explained, "the requirement to file [periodic] reports on a timely basis [. . .] assures that current information is regularly and easily available to anyone with an interest in monitoring the progress of a case toward confirmation. Late filings complicate this task, and missing filings may render it impossible."   *In re Babayoff*, 445 B.R. 64, 81 (Bankr. E.D.N.Y. 2011) (finding cause to dismiss due to debtor's failure to comply with reporting obligations). Accordingly, the Debtor's failure to file monthly operating reports provides grounds to dismiss this case.

**C.**   **The Debtor has Failed to Comply with United States Trustee Guidelines**

The Debtor has also failed to comply with the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees (the "**Operating Guidelines**")

9

promulgated by the Office of the United States Trustee, which require a debtor to produce certain documents to the United States Trustee. *See* Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, U.S. DEPARTMENT OF JUSTICE, OFFICE OF THE UNITED STATES TRUSTEE (revised March 1, 2023), *available at* https://www.justice.gov/ust/ust-regions-r02/file/region_2_operating_guidelines.pdf/dl.

Specifically, the Debtor has failed to comply with the Operating Guidelines by failing to provide the documents required for the initial debtor interview with the United States Trustee. Absent the timely submission of these documents, it is impossible for parties in interest and the Court to follow what is happening in the case.   The Debtor estate is forcing parties to operate in an impermissible information vacuum, in contrast to its fiduciary duties as debtor-in-possession.   Among other critical deficiencies, some of the documents that the United States Trustee has requested that the Debtor has yet to provide are its 2023 tax return, proof of insurance,[2] proof of closing prepetition bank accounts, and evidence of PPP loans.

Failing to timely provide information or attend meetings reasonably requested by the United States Trustee constitutes cause to convert or dismiss a case. 11 U.S.C. § 1112(b)(4)(H).

**D.   <u>The Debtor Filed this Case in Bad Faith</u>**

Cause also exists to dismiss the case because the Petition was filed in bad faith.   *See, e.g., In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1310 (2d Cir. 1997); *see also In re 167 W. 133rd St. Hous. Dev. Fund Corp.*, No. 18-12043 (JLG), 2018 WL 4637460, at *8 (Bankr. S.D.N.Y. Sept. 25, 2018) (noting "[i]t is well-settled that the filing of a bankruptcy petition in bad faith constitutes 'cause' for dismissal or conversation of a case under the Bankruptcy Code section 1112(b).").

---

[2] The Debtor's failure to provide evidence that its assets are adequately insured in and of itself constitutes another ground for dismissal.   11 U.S.C. § 1112(b)(4)(C).

10

A determination of bad faith requires the Court to review the totality of circumstances on a case-by-case basis. *In re Valid Value Properties, LLC*, No. 16-13299, 2017 WL 123751, at *6 (Bankr. S.D.N.Y. Jan. 5, 2017). "No one factor is determinative of good faith and the court must examine the facts and circumstances in light several established guidelines or indicia [. . .]" *In re General Growth Properties*, 409 B.R. 43, 56 (Bankr. S.D.N.Y. 2009). The purpose of evaluating whether a case was filed in bad faith is "to insure [sic] that the Debtor actually intends to use chapter 11 to reorganize and rehabilitate itself and not simply to cause hardship or delay to its creditors by invoking the automatic stay." *Holt v. JP Morgan Chase Bank, N.A.*, No. 17-CV-07901 (NSR), 2019 WL 192298, at *1 (S.D.N.Y. Jan. 15, 2019) (quoting *In re RCM Global Long Term Capital Appreciation Fund, Ltd.*, 200 B.R. 514, 522 (Bankr. S.D.N.Y. 1996)); *see also In re Casse*, 198 F.3d 327, 332 (2d Cir. 1999) ("The filing of a bankruptcy petition merely to prevent foreclosure, without the ability or intent to reorganize, is an abuse of the Bankruptcy Code." (quoting *In re Felberman*, 196 B.R. 678, 681 (Bankr. S.D.N.Y. 1995))).

In determining bad faith, Courts have considered "whether on the filing date there was no reasonable likelihood that the debtor intended to reorganize and whether there is no reasonable possibility that the debtor will emerge from bankruptcy." *In re AAGS Holdings LLC*, 608 B.R. 373, 382-83 (Bankr. S.D.N.Y. 2019) (quoting *Baker v. Latham Sparrowbush Assocs. (Matter of Cohoes Indus. Terminal, Inc.)*, 931 F.2d 222, 227 (2d Cir. 1991)). The Second Circuit has also identified eight specific factors appropriate for consideration of whether cause exists based on a bad faith filing:

(1) the debtor has only one asset;
(2) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors;
(3) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or

11

default on the debt;

(4) the debtor's financial condition is, in essence, a two-party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action;

(5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights;

(6) the debtor has little or no cash flow;

(7) the debtor can't meet current expenses including the payment of personal property and real estate taxes; and

(8) the debtor has no employees.

*In re C-TC 9th Avenue Partnership*, 113 F.3d 1304, 1311 (2d. Cir. 1997); *In re Syndicom Corp.*, 268 B.R. 26, 50-51 (Bankr. S.D.N.Y. 2001).    Similarly, filing a bankruptcy petition "without the ability or intent to reorganize, is an abuse of the Bankruptcy Code.    Serial filings are a badge of bad faith, as are petitions filed to forestall creditors."    *In re Casse*, 198 F.3d 327, 332 (2d Cir. 1999).

The Debtor has not displayed any progress towards reorganization over the last six months; rather, the Debtor has declined to take even basic steps that honest debtors take at the very beginning of their cases, such as closing its pre-petition bank accounts, and it continues to abrogate its statutory duties by failing to file monthly operating reports.    The Debtor has not demonstrated an ability to acquire any assets to fund a Plan.    It has not hired any professionals to assist it in crafting and pursuing a Plan.    The Debtor instead filed this Petition solely to forestall Mr. Mrkulic, who has a large judgment against the Debtor, from pursuing its rights against the Debtor.    To the extent the Debtor wishes to appeal this judgment, he retains all rights and recourse he may have to do so in non-bankruptcy court, where this matter is more appropriately settled.

II.      **There are No Unusual Circumstances Establishing that Dismissal is Not in the Best Interests of Creditors and the Estate**

Under section 1112(b)(2) of the Bankruptcy Code, after the movant shows cause, the burden shifts to the debtor and other parties in interest to show that there are "unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate."   11 U.S.C. § 1112(b)(2).   There are no unusual circumstances in this case that would establish that dismissal is not in the best interests of creditors and the estate. The Debtor has done very little in this case, and it is unlikely that the Debtor will be able to confirm a plan.

III.     **The United States Trustee Recommends Dismissal**

As set forth above, the Debtor has fails to fulfill its obligations and provide information to the United States Trustee or to the Court. The Debtor is reaping the benefits of the bankruptcy process, including the automatic stay, while disregarding its obligations and forcing parties in interest and the Court to operate in an information vacuum. Should the case be converted to a case under Chapter 7, the Debtor could continue to try to gamify the bankruptcy process.   Furthermore, the Debtor's Schedules do not show any assets available for a Chapter 7 trustee to administer. Accordingly, the United States Trustee recommends the dismissal of this case rather than conversion.

IV.     **The Debtor's Conduct Warrants Dismissal with Prejudice**

Sections 105 and 349 of the Bankruptcy Code permit the court to dismiss a case with prejudice to the filing of a subsequent petition for cause. *See* 11 U.S.C. §§ 105(a), 349(a); *In re Adler*, 329 B.R. 406, 410 (Bankr. S.D.N.Y. 2005) (banning a chapter 11 debtor from refiling for 180 days by citing sections 105 and 349). The Court has the power to bar a debtor from future bankruptcy filings for periods of time longer or shorter than 180 days. *In re Casse*, 198 F.3d 327,

13

339 (2d Cir. 1999). "Section 105(a) empowers the Court to act as necessary to prevent an abuse of the bankruptcy process." *In re Bolling*, 609 B.R. 454, 456 (Bankr. D. Conn. 2019).

Where "there has been a sufficient pattern of abuse of the [bankruptcy] process, [it] constitute[s] cause under section 349 to warrant dismissal of this case with prejudice against the Debtor . . .". *In re Van Eck*, 425 B.R. 54, 69 (Bankr. D. Conn. 2010). The *Van Eck* court included a finding in its order that "if the case is dismissed without such prejudice, the Debtor more likely than not will refile in bankruptcy shortly thereafter." *Id*.

The Debtor appears to have filed for bankruptcy to stave off a judgment creditor rather than for a legitimate bankruptcy purpose. The Debtor's principal, who is a lawyer, clearly understands the litigation process well enough to attempt to satisfy the bare statutory minimum of disclosure needed at the last possible instant. Despite this knowledge, the Debtor has failed to file and provide many required documents. Creditors and this Court are operating inside an information vacuum controlled by the Debtor's Principal, who appears solely concerned with preventing Mr. Mrkulic's pursuit of his default judgment against the Debtor. It seems likely that, should this case be dismissed, the Debtor could and likely would immediately re-file another petition without a legitimate bankruptcy purpose. Accordingly, the United States Trustee recommends a 180-day ban to refiling.

## **<u>CONCLUSION</u>**

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order

dismissing this Chapter 11 case pursuant to 11 U.S.C. § 1112(b), imposing a 180-day bar to re-

filing, and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
      January 27, 2025

<div style="margin-left:45%">

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By:   */s/ Rachael E. Siegel*
      Rachael E. Siegel
      Trial Attorney

</div>

15

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x
                                            :

In re                                  :         Case No. 24-11373 (PB)
                                            :

LAW OFFICE OF GEORGE T. PETERS,    :        (Chapter 11)
PLLC,                                :
                          Debtor.     :
                                            :
--------------------------------------------------------x

## DECLARATION OF RACHAEL E. SIEGEL
## IN SUPPORT OF MOTION FOR AN ORDER DISMISSING THIS CASE

Pursuant to 28 U.S.C. § 1746, Rachael E. Siegel declares as follows:

1.    I am a trial attorney in the Office of the United States Trustee for Region 2 (the

"**United States Trustee**").  I am assigned to this matter by my office and as such, have

knowledge and information about this Chapter 11 bankruptcy case.  I submit this Declaration in

support of the motion pursuant to 11 U.S.C. § 1112(b) for an order dismissing the case of Law

Office of George T. Peters, PLLC (the "**Debtor**") with prejudice (the "**Motion**").

2.    I have reviewed the electronic docket for this bankruptcy case.

3.    My review of the docket shows that the Debtor filed a voluntary petition under chapter

11 of the Bankruptcy Code on August 8, 2024 (the "**Petition**").  ECF No. 1.

4.    My review of the docket shows that the debtor has failed to file monthly operating

reports ("**MORs**") for the months of (1) August 2024, (2) September 2024, and (3) November

2024.

5.    I have reviewed the docket as of the date hereof and hereby certify that the

representations of the documents filed at ECF Nos. 25 and 26 in this Motion are accurate.

6.     The Debtor continues to control and maintain its assets and operations as a Debtor-in-Possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

7.     To date, no retention application has been filed on the electronic case docket.

8.     A Section 341 Creditors' Meeting was Scheduled for October 2, 2024.   The Creditors' Meeting had to be adjourned twice because the Debtor had not provided sufficient information for the meeting to proceed and because the Debtor was purportedly seeking bankruptcy counsel.

9.     The Creditors' Meeting was held on November 20, 2024.   The undersigned explained to Mr. Peters *inter alia* at the Creditors' Meeting monthly operating reports had not been uploaded properly to the ECF system and that he needed to re-file compliant MORs.

10.   Victor Abriano, an auditor in my office informed the Debtor directly of an initial debtor interview (the "**IDI**") on August 17, 2024, along with a list of required documents to be returned to the United States Trustee.   I was copied on this correspondence.   Many of these documents remain outstanding.

11.   I am informed by Mr. Abriano that the IDI was held on September 10, 2024, and Mr. Peters participated in the IDI on behalf of the Debtor.   I am further informed that the missing documents were raised at the IDI and have been raised again with Mr. Peters several times.

12.   I attended and participated telephonically in Court hearings on this case that were held on (1) October 1, 2024, (2) December 3, 2024, and (3) January 21, 2025.   I certify that the references made in the Motion to discussions that occurred at those hearings are true and accurate to the best of my recollection.

2

13.   No notice of appearance or retention application for an attorney has been filed to the

docket.

Dated: New York, New York                        By:   */s/Rachael E. Siegel*
       January 27, 2025

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                                       :
In re                                                  :        Case No. 24-11373 (PB)
                                                       :
LAW OFFICE OF GEORGE T. PETERS,                        :        (Chapter 11)
PLLC,                                                  :
                                        Debtor.        :
                                                       :
------------------------------------------------------ x

## <u>ORDER DISMISSING CHAPTER 11 CASE WITH PREJUDICE</u>

Upon the motion of William K. Harrington, the United States Trustee for Region 2, to

dismiss this Chapter 11 case (ECF No. ___) (the "**Motion**"); and the Court having determined

notice of the Motion is sufficient; and the Court having held a hearing on February 18, 2025; and

the Court having found that (i) cause exists to dismiss this case under 11 U.S.C. § 1112(b) and

(ii) cause exists under 11 U.S.C. § 349(a) to ban the Debtor from refiling any case under any

chapter of the Bankruptcy Code for 180 days, it is hereby:

**ORDERED**, that the Motion is granted; and it is further

**ORDERED**, that the Debtor's case commenced under Chapter 11 of the Bankruptcy

Code be and hereby is dismissed pursuant to 11 U.S.C. § 1112(b); and it is further

**ORDERED**, that the Debtor is prohibited from filing any case under any chapter of the

Bankruptcy Code from 180 days from the date of the entry of this Order.


Dated: New York, New York
          February ____, 2025


                                        /s/_____
                                        HONORABLE PHILIP BENTLEY
                                        UNITED STATES BANKRUPTCY JUDGE