The Law Firm of Andrew M. Stengel, P.C.
11 Broadway, Suite 715
New York, NY 10004
212-634-9222
Andrew M. Stengel (AS2457)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| In re: | Case No. 24-11373 (PB) |
| LAW OFFICE OF GEORGE T. PETERS, PLLC, | (Chapter 11) |
| Debtor. | |

-----------------------------------------------------------------x

**COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT
PURSUANT TO 11 U.S.C. §§ 523 (a)(6)**

Miranda Isabel Catabois ("Ms. Catabois" or "Plaintiff"), by and through her counsel, The Law Firm of Andrew M. Stengel, P.C., respectfully alleges as follows:

**NATURE OF ACTION**

1. This is an adversary proceeding commenced pursuant to sections 523(a)(6), and 523(c) of Title 11 of the United States Code, 11 U.S.C. sections 101 *et seq*. (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 4007, 7001(6) and 7003, objecting to the dischargeability of the debt of Debtor Law Office Of George T. Peters, PLLC ("Debtor" or "Mr. Peters") to Plaintiff.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of this adversary proceeding pursuant to 1334(b), 157(a) and 157(b) of Title 28 of the United States Code because this adversary proceeding arises in or under the Chapter 11 case of the Debtor now pending in the United States Bankruptcy Court for the Southern District of New York.

3. This adversary proceeding is a core proceeding pursuant to § 157(b)(2)(I) of the United

1

States Code.

## VENUE

4. Venue of this proceeding is proper pursuant to § 1409(a) of the United States Code.

## PARTIES

5. Plaintiff is a natural person residing in the State of New York and is a judgement creditor of the Debtor.

6. Defendant is a natural person residing in the State of New York and the Debtor in this Chapter 11 case.

## NOTICE OF CHAPTER 11 PROCEEDING TO PLAINTIFF

7. According to the case history publicly available on PACER, the meeting of creditors under 11 U.S.C. § 341(a) took place on October 23, 2024.

8. A further search of the case history on PACER revealed that Mr. Peters listed Ms. Catabois as a creditor for the first time on January 29, 2025. *See* ECF Doc. No. 42.

9. Plaintiff was unaware of the present proceeding when the undersigned received a Notice of Hearing via first class mail during the last week of January. The Notice of Hearing is attached hereto as **Exhibit 1**.

10. Plaintiff accordingly requests an extension of the time to file the present complaint following the § 341(a) meeting of creditors because notice of the bankruptcy was conveyed within the last three weeks.

## BACKGROUND AND STATE COURT ACTION

11. On November 22, 2023, Plaintiff commenced an action against George T. Peters, Law Office of Peters & Associates, Law Office of George T. Peters, PLLC and Berkeley College in under the Adult Survivors Act via Summons and Complaint filed in Supreme Court of the State of New York, New York County. The action was assigned Index No. 101243/2023.

2

12. Mr. Peters was served with the Summons and Complaint on January 8, 2024, at his law office in Manhattan.

13. On March 20, 2024, Plaintiffs filed an Amended Complaint. The Summons and Amended Complaint are attached hereto as **Exhibit 2**.

14. Mr. Peters was served with the Summons and Complaint on April 10, 2024, at his law office in Manhattan.

15. In 2011, Ms. Catabois was enrolled as a student at Berkeley College, pursuing an Associate Degree in Paralegal Studies. Amended Complaint ¶ 3. In January 2012, Berkeley College placed Ms. Catabois in an internship for school credit with Mr. Peters's law firm. *Id*. ¶ 4. One night in January 2012 Mr. Peters kept Ms. Catabois at his law office late where he sexually assaulted her, repeatedly and forcefully grabbing the breasts of Ms. Catabois, putting his hand down her pants and touching her vagina, over her repeated physical resistance and verbal protests. *Id*. ¶¶ 39-44.

16. As pleaded in the Amended Complaint, the sexual assault by Mr. Peters caused Ms. Catabois "severe emotional distress…including symptoms of post-traumatic stress disorder, depression, anxiety and other acute physical symptoms. *Id*. ¶ 5.

17. The conduct of Mr. Peters violated several criminal statutes contained in Article 130 of the New York State Penal Law including: Sexual Abuse in the First Degree Penal Law § 130.65(1); Forcible Touching, a misdemeanor, Penal Law § 130.52(1); and Sexual Abuse in the Third Degree, Penal Law § 130.55. *Id*. ¶¶ 69-75.

18. The aforementioned criminal offenses all require the elements of intent. *See People v. Williams*, 81 N.Y.2d 303, 316-17 (1993). In New York, "A person acts intentionally with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause such result or to engage in such conduct." New York Penal Law §15.05(1).

19. Due to the sexual assault committed by Mr. Peters against Ms. Catabois, she has

3

suffered emotional distress, severe depression and she exhibits symptoms of post-traumatic stress disorder. Affidavit of Merit of Ms. Catabois attached hereto as **Exhibit 3**.

20. On October 1, 2024, Ms. Catabois moved for default against find defendants George T. Peters, Law Office of Peters & Associates, Law Office of George T. Peters, PLLC.

21. Mr. Peters filed an affirmation in opposition to the motion for default on October 24, 2024.

22. A decision on the motion for default has not yet been rendered by the trial court.

## COUNT I

### NONDISCHARGEABILITY
### U.S.C. §523(a)(6)

23. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

24. The Second Circuit has held that "Malice may be implied by the acts and conduct of the debtor in the context of [the] surrounding circumstances." *Ball v. A.O. Smith Corp.*, 451 F3.d 66, 69 (2d Cir. 2006) (quotation cleaned up and citation omitted).

25. Furthermore, New York courts hold malice or ill will by a preparator of sexual assault against a victim is apparent based on the act of sexual assault. *See Breest v. Haggis*, 180 A.D.3d 83, 94 (1st Dep't 2019).

26. Debtor's actions described herein, and in the Amended Complaint, constitute a willful and malicious injury by the Debtor to Plaintiff that is not dischargeable under section 523(a)(6) of the Bankruptcy Code. *See generally* Amend. Compl, Aff. of Plaintiff; *see People v. Williams*, 81 N.Y.2d 303, 316-17 (1993); New York Penal Law §15.05(1).

27. As a consequence, pursuant to 11 U.S.C. § 523(6), the Debtor's discharge should be denied. *See Chaffee v. Chaffee (In re Chaffee)*, 2013 Bankr LEXIS 3641, at *22 (Bankr. NDNY Sep. 3, 2013); *Hahn v. Marks (In re Marks)*, 2024 Bankr. LEXIS 2980, at *20 (Bankr. SDNY 2024,

4

Dec. 13, 2024).

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in her favor and against Debtor as the result of debts incurred by Debtor (i) willful and malicious injury by Debtor to Plaintiff; and (ii) such other and further relief as to this Court seems just and proper.

Dated:   February 19, 2025
         New York, New York

Andrew M. Stengel, Esq.
The Law Firm of Andrew M. Stengel, P.C.
*Attorneys for Plaintiff*
11 Broadway, Suite 715
New York, NY 10004
Tel: (212) 634-9222
Fax: (212) 634-9223
andrew@stengellaw.com