UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| LAW OFFICE OF GEORGE T. PETERS, PLLC, | ) | Case No. 24-11373 (PB) |
| | ) | |
| Debtor in Posssession. | ) | |

**DEBTOR'S MOTION FOR AN ORDER AUTHORIZING THE PAYMENT OF POSTPETITION WAGES, BUSINESS EXPENSES, TURNOVER PROPERTY TO THE ESTATE, AND RELATED RELIEF**

The above-captioned debtor in possession ("Debtor"), by and through its undersigned counsel, hereby submits this motion (the "Motion") for entry of an order (i) authorizing, but not directing, the Debtor to pay postpetition wages; (ii) authorizing, but not directing, the Debtor to pay postpetition business expenses; and (iii) granting related relief. In support of this Motion, the Debtor respectfully represents as follows:

**PRELIMINARY STATEMENT**

1.　Prior to the Petition Date and in the ordinary course of business, the Debtor would give all of the remaining money to the owner-employee that remained after the payment of business expenses. Generally, the Debtor would forward approximately Twenty Thousand Dollars ($20,000) monthly to the owner-employee. Because business expenses accrue on an ongoing and continuous basis but are paid periodically, the filing of this case has resulted in the accrual of unpaid postpetition wages and business expenses. In the interest of transparency and in order to preserve as much of the Debtor's profits as possible for distribution to creditors, the Debtor seeks to set a modest monthly wage of Five Thousand Dollars ($5,000) for its owner-employee during

1

the bankruptcy proceedings rather than continue to pay him all profits. Further, the Court should approve a limit of Five Thousand Dollars ($5,000) for monthly businsess expenses. Any amount of business expenses above Five Thousand Dollars ($5,000) would be subject to Court approval.

2. Accordingly, by this Motion the Debtor seeks entry of an order:

(a) authorizing, but not directing, the Debtor to pay "Postpetition Owner Obligations," which consists of the following:

(i) postpetition obligations of the Debtor, including accrued wages of Five Thousand Dollars ($5,000) per month;

(ii) postpetition ordinary course of business expense obligations with a limit of Five Thousand Dollars ($5,000); and

(iii) granting related relief.

## CASE BACKGROUND

3. On August 8, 2024, (the "Petition Date"), the Debtor filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code. The Debtor is operating the law firm as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this chapter 11 case, and no committees have been appointed or designated.

## JURISDICTION

4. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 363(b) of title 11 of the United

States Code ("Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

**RELIEF REQUESTED**

5. The Debtor seeks an order of the Court pursuant to Bankruptcy Code sections 105(a), and 363 authorizing, but not directing, the Debtors to, among other things, pay postpetition Owner Obligations and continue paying expenses in the ordinary course of business, all as more fully described below.

**THE EMPLOYEES AND A SUMMARY OF THE WAGES, BUSINESS EXPENSES, ESTATE TURNOVER AND RELATED ITEMS**

I. **The Debtor's Workforce**

6. The Law Office of George T. Peters, PLLC has one employee, the owner-employee.

7. Prior to the Petition Date, the owner-employee would retain all funds after business expenses.

II. **Employee Wage Claims -- Postpetition Wages**

8. Prior to the Petition Date and in the ordinary course of business, the Debtor paid the owner-employee. The Debtor seeks authority to pay such wages now and going forward, through its existing debtor-in-possession bank account.

*Employee Wages Claims*

9. In the ordinary course of business, the owner-employee was paid when cases would settle or were won. The Debtor is requesting a monthly payroll for the owner-employee of Five Thousand Dollars ($5,000) per month.

10. In the aggregate, the Debtor estimates that there is approximately Fifteen Thousand Dollars ($15,000) of outstanding potential postpetition amounts potentially owed in wages.

3

III. **Employee Expense Obligations**

11. Prior to the Petition Date, the Debtor routinely reimbursed the owner-employee for expenses incurred including, without limitation, expenses for travel, lodging, professional seminars and conventions, approved professional and business organization dues, ground transportation, meals, supplies, credit card costs, cellular telephone and "smart phone" services, and other miscellaneous expenses (collectively, the "Expense Obligations").

12. Accordingly, the Debtor seeks authority to pay all postpetition Expense Obligations incurred in the ordinary course of business.

**BASIS FOR RELIEF**

I. **The Proposed Payments are Appropriate Under Section 363 of the Bankruptcy Code**

13. Under section 363 of the Bankruptcy Code, a bankruptcy court is empowered to authorize a chapter 11 debtor to expend funds in the court's discretion outside the ordinary course of business. See 11 U.S.C. § 363. See also *In re Bethlehem Steel Corp.,* 2003 U.S. Dist. LEXIS 12909, at *36 (S.D.N.Y. July 28, 2003) ("Section 363 . . . governs the use of funds by the debtor in possession while it operates its business after the bankruptcy petition is filed."). In order to obtain approval for the use of estate assets outside the ordinary course of business, a debtor must articulate a valid business justification for the requested use. See *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1985). See also *Bethlehem Steel*, 2003 U.S. Dist. LEXIS 12909, at *37 (citing *In re Lionel Corp.,* 722 F.2d 1063, 1071 (2d Cir.1983) ("The rule we adopt requires that a judge determining a § 363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such an application.").

II. **Payment of the Postpetition Obligations Should be Authorized Under Section 105 of the Bankruptcy Code and the Doctrine of Necessity**

4

14. The proposed payments of the Postpetition Obligations should be authorized pursuant to section 105 of the Bankruptcy Code and under the "doctrine of necessity." Section 105 of the Bankruptcy Code authorizes this Court "to issue any order . . . necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105. For the reasons set forth herein, and in light of the critical need for the Debtor to preserve the value of this business in order to effect a successful chapter 11 process, payment of the wages as requested herein is proper in accordance with section 105 of the Bankruptcy Code.

15. Payment of the Postpetition Obligations is further supported by the doctrine of necessity. The doctrine of necessity is a well-settled doctrine that permits a bankruptcy court to authorize payment of certain postpetition claims prior to the completion of the reorganization process where the payment of such claims is necessary to the reorganization. See *In re Just for Feet, Inc.*, 242 B.R. 821, 826 (D. Del. 1999) (stating that where the debtor "cannot survive" absent payment of certain postpetition claims, the doctrine of necessity should be invoked to permit payment); see also *In re NVR L.P.,* 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) ("[T]he court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor."); *In re Eagle-Picher Indus., Inc.,* 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) ("[T]o justify payment of a pre-petition unsecured creditor, a debtor must show that the payment is necessary to avert a serious threat to the Chapter 11 process.").

16. The doctrine of necessity is a widely accepted component of modern bankruptcy jurisprudence. See *Just For Feet*, 242 B.R. at 826 (approving payment of key inventory suppliers' postpetition claims when such suppliers could destroy debtor's business by refusing to deliver new inventory on eve of debtor's key sales season); *In re Payless Cashways, Inc.,* 268 B.R. 543, 546-47 (Bankr. W.D. Mo. 2001) (authorizing payment of critical postpetition suppliers claims when

5

such suppliers agree to provide postpetition trade credit); see also *In re Columbia Gas Sys., Inc.,* 171 B.R. 189, 191-92 (Bankr. D. Del. 1994); *Ionosphere Clubs*, 98 B.R. at 175.

### THE DEBTOR SATISFIES BANKRUPTCY RULE 6003

17. The Debtor further submits that because the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor for the reasons set forth herein, Bankruptcy Rule 6003 has been satisfied.

### WAIVER OF BANKRUPTCY RULES 6004(a) & (h)

18. To successfully implement the foregoing, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay under Bankruptcy Rule 6004(h).

### PROCEDURE

19. No previous request for the relief sought herein has been made to this or any other Court.

20. No trustee, examiner or creditors' committee has been appointed in these cases. The Debtor has provided notice of this Motion by ECF and, where practicable, and/or email to the Notice Parties. Due to the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is required.

### CONCLUSION

**WHEREFORE**, the Debtor respectfully requests the entry of an order, substantially in the form annexed hereto as Exhibit A, (a) authorizing, but not directing, the Debtor to pay postpetition wages; (b) authorizing, but not directing, the Debtors to continue to pay ordinary cost of business expenses; and (c) granting such other and further relief as the Court deems appropriate.

February 24, 2025

New York, New York

Law Office of George T. Peters, PLLC

/s/ George T. Peters
George T. Peters, Esq.
Attorney for the Debtor in Possession
20 East 125th Street, 2nd Floor
New York, New York 10035
Tel: 929.374.1200
Fax: 347.464.0921
g.peters@myattys1.com

**EXHIBIT A**
**PROPOSED ORDER**
UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| LAW OFFICE OF GEORGE T. PETERS, PL PLLC, | ) | Case No. 24-11373 (PB) |
| | ) | |
| Debtor in Posssession. | ) | |

## ORDER AUTHORIZING THE DEBTOR TO PAY POSTPETITION WAGES, BUSINESS EXPENSES AND RELATED ITEMS

Upon the motion (the "Motion") of the Debtor for an order authorizing but not directing it to pay postpetition wages, as set forth in the Motion; the Court having reviewed the Motion and the Affirmation; and having considered the statement of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice of the Motion and the Hearing was sufficient under the circumstances, and (v) there is good cause to waive the 14-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable; after due deliberation the Court having determined that the relief requested in the Motion is (i) necessary and essential for the Debtor's reorganization, (ii) in the best interests of the Debtor, its estate and its creditors, and (iii) necessary to prevent immediate and irreparable harm to the Debtor and its estate; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.
2. Authorizations given to the Debtor in this Order empower but do not direct the Debtor to effectuate the payments specified herein, said Debtor retaining the business judgment to make

8

or not make said payments, and in all instances subject to the condition that funds are available to effect any payment. In no event shall any person be personally liable for any amounts authorized for payment herein but not paid.

3. Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtor pursuant to the Motion) shall (a) be construed as a request for authority to assume any executory contract under section 365 of the Bankruptcy Code; (b) waive, affect or impair any of the Debtor's rights, claims or defenses, including, but not limited to, those arising from section 365 of the Bankruptcy Code, other applicable law and any agreement; (c) grant third-party beneficiary status or bestow any additional rights on any third party; or (d) be otherwise enforceable by any third party.

4. Bankruptcy Rule 6003(b) has been satisfied.

5. The requirements of Bankruptcy Rule 6004(a) are waived.

6. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

7.  This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated:

_____
UNITED STATES BANKRUPTCY JUDGE