UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:                                                                                          Chapter 11

LAW OFFICE OF GEORGE T. PETERS, PLLC,                        Case No. 24-11373 (PB)

           Debtor.

---

### ORDER AUTHORIZING AND APPROVING EMPLOYMENT AND RETENTION OF SAMUEL L. YELLEN, ATTORNEY AT LAW, PLLC AS ATTORNEYS FOR THE DEBTOR, EFFECTIVE AS OF MARCH 20, 2025

**UPON** the application (the "Application"), of the above-captioned debtor and debtor-in-possession (the "Debtor"), seeking to retain Samuel L. Yellen, Attorney at Law, PLLC (the "Yellen Firm") as counsel for the Debtor pursuant to § 327(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and upon the accompanying Declarations of Samuel L. Yellen and George T. Peters, respectively attached to the Application; and the Court having found that the Yellen Firm neither holds nor represents an interest adverse to the Debtor or its estate, is disinterested within the meaning of § 101(14) of the Bankruptcy Code, and that its employment is necessary and would be in the best interests of the estate; and no additional notice being required; and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED**, that the Application is granted as set forth herein; and it is further

**ORDERED**, that pursuant to § 327(a) of the Bankruptcy Code, the Debtor is hereby authorized to employ and retain the Yellen Firm as its counsel in this case, effective as of March 20, 2025; and it is further

**ORDERED,** that the Yellen Firm shall use its best efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in this Chapter 11 case; and it is further

**ORDERED,** that the Yellen Firm will not seek to use affiliates, independent contractors, subcontractors or subsidiaries of the Yellen Firm to perform services without separate Court approval; and it is further

**ORDERED,** notwithstanding anything to the contrary to the terms of its engagement, professionals from the Yellen Firm will bill time in 6-minute increments; and it is further

**ORDERED**, that compensation to the Yellen Firm shall be sought upon, and compensated and reimbursed only upon an order granting a proper application pursuant to §§ 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules and fee and expense guidelines and orders of this Court; and it is further

**ORDERED**, that the Yellen Firm shall apply any remaining amounts of its retainer as a credit toward post-petition fees and expenses, after such post-petition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to the Yellen Firm; and it is further

**ORDERED**, that at least 10 days before implementing any increases in the Yellen Firm's rates for professionals in this case, the Yellen Firm shall file a supplemental affidavit with the Court that shall explain the basis for the rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code.  All parties in interest, including the U.S. Trustee, retain all rights to object to any rate increase on any grounds, including but not limited to, the reasonableness standard provided for in § 330 of the Bankruptcy Code; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and to determine all matters

arising from or related to implementation of this Order; and it is further

**ORDERED**, that if there is any inconsistency between the terms of this Order, the Application, and the Declaration of Samuel L. Yellen in support thereof, the terms of this Order shall govern.

Dated: New York, New York
      April 18, 2025

                                        /s/ Philip Bentley
                                        HON. PHILIP BENTLEY
                                        UNITED STATES BANKRUPTCY JUDGE